UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MANUEL DE LA CARIDAD RIESQO
PENATE,

          Petitioner,

v.

MERRICK GARLAND et al.,

          Respondents.
_____/

Case No. 1:22-cv-460

Honorable Jane M. Beckering

## **OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Petitioner Manuel De La Caridad Riesqo Penate is currently incarcerated at the Federal Correctional Institution (FCI) Petersburg Low in Petersburg, Virginia.[1] In his § 2241 petition, Petitioner challenges his Immigration and Customs Enforcement (ICE) detainer, asking that this Court order that the detainer be removed. (ECF No. 1, PageID.7.)

The Court directed Respondents to answer the petition in an order (ECF No. 3) entered on June 10, 2022. Respondents filed their response (ECF No. 5) on August 8, 2022. Respondent contends that Petitioner's § 2241 petition should be denied because: (1) "removal of the detainer is beyond the scope of relief afforded by the Great Writ"; (2) Petitioner did not exhaust his administrative remedies; and (3) Petitioner's grounds for relief are meritless. (*Id.*, PageID.37.) After receiving two extensions of time to do so (ECF Nos. 9, 11), Petitioner filed his reply (ECF

---

[1] When Petitioner filed his § 2241 petition, he was incarcerated at the now-closed North Lake Correctional Institution in Baldwin, Michigan. After the petition was filed, he was transferred to FCI Petersburg Low. (ECF No. 11.)

No. 13) on December 27, 2022. For the following reasons, the Court will deny Petitioner's § 2241 petition. The Court will also deny Petitioner's motion to appoint counsel (ECF No. 12).

## Discussion

### I.  Background

Petitioner is a native of Cuba who arrived in the United States as a Cuban refugee on May 4, 1970. (Ball Decl. ¶ 5, ECF No. 5-1, PageID.52.) Since then, Petitioner has amassed numerous criminal convictions. (*Id.* ¶¶ 6, 9, 16.) Petitioner is currently serving a 120-month sentence imposed by the United States District Court for the Southern District of Florida following his convictions for conspiracy to import at least 5 kilograms of cocaine, at least 100 kilograms of marijuana, and a detectable amount of heroin; conspiracy to engage in alien smuggling; alien smuggling for profit; and aiding and assisting certain aliens to enter the United States. (*Id.* ¶ 16; Grimsley Decl. ¶ 3, ECF No. 5-2, PageID.59.) Petitioner's current projected release date is December 30, 2025. (Grimsley Decl. ¶ 3, ECF No. 5-2, PageID.59.)

Prior to Petitioner's current conviction, an immigration judge found Petitioner to be removable and entered a final order of removal to Cuba. (Ball Decl. ¶ 12, ECF No. 5-1, PageID.53.) On June 27, 2017, ICE lodged an immigration detainer against Petitioner at the Monroe County Jail in Key West, Florida, where Petitioner was housed at the time. (*Id.* ¶ 17.) The immigration detainer "follows [Petitioner] even if he is transferred to other facilities of incarceration." (*Id.*) The detainer serves to "advise the facility that upon completion of [Petitioner's] incarceration, ICE intends to assume custody to complete processing and/or make an admissibility determination." (*Id.* ¶ 18, PageID.55.)

In his § 2241 petition, Petitioner asks that the Court "order ICE and or [the United States Citizenship and Immigration Services] to remove the detainer and issue a letter of 'no interest' to [him] and the [Bureau of Prisons (BOP)]." (ECF No. 1, PageID.7.) Petitioner contends that the

detainer is unconstitutional because he cannot be deported to Cuba. (*Id.*, PageID.6.) He argues that the detainer "is effectively causing the petitioner to be in ICE custody" and is unconstitutional because he "cannot be removed in the foreseeable future." (*Id.*) Petitioner also contends that the detainer affects where he is imprisoned and his eligibility for sentence reduction programs, such as the First Step Act (FSA) and the Residential Drug Abuse Program (RDAP). (*Id.*)

## II.   Motion to Appoint Counsel

As noted *supra*, Petitioner has filed a motion to appoint counsel to represent him in this action. (ECF No. 12.) Indigent petitioners have no constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594–95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. *See, e.g.*, Rule 8(c), Rules Governing Section 2254 Cases.[2] The Court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Petitioner's motion to appoint counsel (ECF No. 12) will, therefore, be denied.

## III.   Discussion

### A.   Jurisdiction Over Petitioner's Challenge to the Detainer

Respondents first contend that the Court lacks jurisdiction over Petitioner's § 2241 petition because Petitioner is not in custody pursuant to the ICE detainer. (ECF No. 5, PageID.39.) The Court agrees with Respondents.

---

[2] The Rules Governing Section 2254 Cases apply to petitions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

The United States Court of Appeals for the Sixth Circuit has concluded that a district court lacks jurisdiction over a habeas petitioner's challenge to an immigration detainer when the petitioner is still in BOP custody and is not in ICE custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990); *see also Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005) (noting that a prisoner serving a federal sentence is not "in custody" for purposes of a § 2241 petition challenging an ICE detainer merely because such a detainer has been lodged); *Aritola v. Patton*, No. 07-cv-78, 2007 WL 2965071, at *4 (E.D. Ky. Oct. 9, 2007) ("The law is well settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge its detention, as even an immigration detainer or other pre-release notice from immigration authorities does not confer custody to the INS."). "[A]n immigration detainer, which simply gives a prison notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See James v. Dist. Att'y York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015).

Here, Petitioner is still serving his federal criminal sentence and is not scheduled to be released from BOP custody until 2025. For that reason alone, this Court lacks jurisdiction over Petitioner's § 2241 petition because it challenges the validity of the ICE detainer against Petitioner. Nevertheless, the Court considers Respondents' additional arguments for dismissal or denial of Petitioner's § 2241 petition below.

### B. Exhaustion of Administrative Remedies

Respondents next assert that Petitioner's § 2241 petition must be dismissed for failure to exhaust. (ECF No. 5, PageID.40–41.) A habeas petitioner is required to exhaust his or her administrative remedies prior to filing a § 2241 petition. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Failure to exhaust is an affirmative defense that must be pled and proven by the respondent. *See id.*

The BOP's administrative remedy procedure allows an inmate to "seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. Under this procedure, "a prisoner who seeks administrative review of a complaint concerning the BOP must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief." *Cortez v. Fed. Bureau of Prisons*, No. 2:22-cv-10430, 2022 WL 4491057, at *3 (E.D. Mich. Sept. 27, 2022) (citing *Mazzanti v. Bogan*, 866 F. Supp. 1029, 1032 (E.D. Mich. 1994); 28 C.F.R. §§ 542.11, 542.13, and 542.15)).

Petitioner contends that he exhausted his administrative remedies by submitting letters to ICE asking that the detainer be cancelled. (ECF No. 13, PageID.91.) The record before the Court, however, reflects that Petitioner has not exhausted any administrative remedy related to the issues raised in his § 2241 petition via the BOP procedure set forth above. Moreover, while the North Lake Correctional Facility has an administrative remedy program that is separate from the BOP procedure set forth above, Petitioner never filed any administrative remedy request pursuant to that program while he was incarcerated there. (Grimsley Decl. ¶ 7, ECF No. 5-2, PageID.60.)

Upon consideration of the record, the Court agrees with Respondents that Petitioner failed to exhaust his administrative remedies prior to filing his § 2241 petition. Petitioner has not demonstrated that it would have been futile for him to pursue those remedies or that the administrative remedy process could not have provided the relief he requests. *See McKart v. United States*, 395 U.S. 185, 200 (1969). For that reason alone, Petitioner's § 2241 may be denied. Nevertheless, the Court has considered the merits of his claims that do not challenge the validity of the ICE detainer below.

### C. Entitlement to FSA Relief

Petitioner contends that the detainer against him precludes him from receiving "time credits" pursuant to the FSA. (ECF No. 1, PageID.6.) The FSA, however, provides that "[a] prisoner is ineligible to receive time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *See* 18 U.S.C. § 3632(d)(4)(E)(i). As noted *supra*, Petitioner is subject to a final order of removal. (Ball Decl. ¶ 12, ECF No. 5-1, PageID.53.) Thus, he is ineligible to earn FSA time credits regardless of whether ICE maintains a detainer against him. Petitioner, therefore, is not entitled to habeas relief on this ground.

### D. Entitlement to RDAP Benefits

Petitioner next argues that the detainer prevents him from receiving the benefits of the BOP's RDAP. (ECF No. 1, PageID.6.) The BOP must provide each prisoner the opportunity to participate in residential drug abuse treatment at his or her place of confinement. *See* 18 U.S.C. § 3621(b), (e)(1). Moreover, a prisoner who successfully completes RDAP may be eligible for early release. Specifically, the statute states: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term of imprisonment the prisoner must otherwise serve." *See id.* § 3621(e)(2)(B) (emphasis added). The use of "may," however, indicates that the BOP has discretion to deny early release even to those who successfully complete RDAP. *See Orr v. Hawk*, 156 F.3d 651, 653–54 (6th Cir. 1998).

Petitioner suggests that his sentencing judge recommended that he participate in the RDAP, but that the ICE detainer has prevented him from doing so. (ECF No. 2, PageID.21.) Petitioner, however, has "no constitutional or inherent right . . . to be conditionally released" before the expiration of his federal sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, "[a] deportable alien is not qualified to participate in an RDAP because he

6

is not eligible for . . . early release." *Hinojoza v. Fed. Bureau of Prisons*, No. 4:13-cv-2467, 2014 WL 2003035, at *2 (N.D. Ohio May 14, 2014) (citing 28 C.F.R. § 550.55). As a deportable alien, Petitioner is not entitled to early release and, therefore, cannot receive the possible benefit of early release from completion of the RDAP. Petitioner, therefore, is not entitled to habeas relief on this ground as well.

### E. Location of Confinement

Petitioner also suggests that the ICE detainer is affecting his location of confinement. (ECF No. 1, PageID.6.) He contends that the detainer has caused him to be housed 2,000 miles from his home, not 500 miles as recommended by the sentencing judge. (*Id.*; ECF No. 2, PageID.21.) The BOP is authorized to "designate the place of the prisoner's imprisonment" and "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." *See* 18 U.S.C. § 3621(b). "Federal inmates do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons." *Caderno v. Thoms*, 50 F. App'x 200, 201 (6th Cir. 2002). Thus, Petitioner's due process claim regarding the location of his confinement fails.

### F. Challenge to ICE Custody

Finally, Petitioner contends that the ICE detainer "is effectively causing [him] to be in ICE custody and because he cannot be removed in the foreseeable future, it makes it[s] impact on [him] unconstitutional." (ECF No. 1, PageID.6.) Specifically, Petitioner argues that because his removal is not reasonably foreseeable, it is unconstitutional pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 2, PageID.19.)

Following the entry of a final order of removal, detention of the individual ordered removed is mandated for a period of 90 days. *See* 8 U.S.C. § 1231(a)(2). Following that period, the government may continue to detain the individual "for a presumptively reasonable period" of time, which the Court concluded equaled six months. *Zadvydas*, 533 U.S. at 701. Following that

7

six-month period, "once [an] alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Notably, however, the post-removal detention period begins to run on the latest of the following events: (1) when an order of removal becomes administratively final; (2) the date of a court's final order if the order of removal is "judicially reviewed and if a court orders a stay of the removal"; or (3) if the "alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B). Petitioner is currently in BOP custody pursuant to his federal criminal sentence and, therefore, the post-removal detention period will begin to run when he is released from BOP custody and transferred to ICE custody. *See id.* Petitioner's *Zadvydas* challenge, is, therefore, premature, and he is not entitled to relief on this ground. *See Maldonado Parra v. Gonzales*, No. 4:04-cv-920, 2006 WL 2463665, at *5 (N.D. Ohio Aug. 21, 2006) (noting that the key for challenging post-removal order custody is being confined by ICE).

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's § 2241 petition.[3] The Court will also enter an order denying Petitioner's motion to appoint counsel (ECF No. 12).

Dated:  January 10, 2023                    /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge

---

[3] In § 2241 cases involving federal prisoners, the Court need not address whether to grant a certificate of appealability. *See Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).